UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| SAMUEL E. GUDGER, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | No.: | 2:22-CV-10-DCLC-CRW |
| CHRISTY FRAZIER, S.C.J.M.S, S.C.J., S.C.S.O., and SULLIVAN COLUNTY MEDICAL DEPARTMENT, | ) | | |
| Defendants. | ) | | |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1], and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis*, **DISMISS** the named Defendants, and **ORDER** Plaintiff to file an amended complaint.

### I.  MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period

preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk is **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B.     Allegations of Complaint**

Plaintiff is, and was at all times relevant to this action, housed in the Sullivan County Jail (the "Jail") [Doc. 1]. On August 20, 2021, Plaintiff submitted a sick call request concerning his left eye, and he was evaluated by a nurse on August 27, 2021 "about the issue" [*Id*. at 3-4]. Plaintiff was evaluated by a specialist who stated that Plaintiff needed eye surgery [*Id*. at 4].

On or about October 12, 2021, someone from the Jail medical staff informed Plaintiff that the medical staff were in the process "of arranging needed care" suggested by a specialist [*Id*.]. They also advised Plaintiff to contact his lawyer to get a medical furlough so that Plaintiff could have surgery [*Id*.].

In December 2021, Jail medical staff responded to Plaintiff's medical request by stating that his chart was under review [*Id*.]. Thereafter, Plaintiff filed this action alleging that Defendants Nurse Christy Frazier, S.C.J.M.S. (presumably the "Sullivan County Jail Medical Staff"), the

3

Sullivan County Jail, S.C.S.O. (presumably the "Sullivan County Sheriff's Office"), and the Sullivan County Medical Department are denying him constitutionally adequate care [*Id*. at 4-5].

    C.    **Analysis**

        1.    **Current Defendants**

Plaintiff has named "head nurse" Christy Frazier as a Defendant, but Plaintiff's complaint does not allege any facts suggesting that this Defendant engaged in any wrongdoing. Therefore, Plaintiff has failed to state a claim against her. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, Plaintiff cannot seek to impose liability on Defendant Frazier merely because she is "head nurse" at the Jail, as a court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendant Frazier will be **DISMISSED**.

Likewise, Plaintiff's complaint contains no factual allegations against any member of the Sullivan County Jail Medical Staff that would permit the Court to infer that any individual staff member violated his constitutional rights. *See Frazier*, 41 F. App'x at 764. Accordingly, Defendant S.C.J.M.S. will be **DISMISSED**.

Additionally, neither the Sullivan County Jail, the Sullivan County Sheriff's Office, nor the Sullivan County Medical Department are "persons" within the meaning of § 1983, and therefore, they are non-suable entities in this action. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments

are not 'persons' under § 1983" because they have no "corporate or political existence"). Accordingly, these Defendants will be **DISMISSED**.

## 2. Potential Defendants

Plaintiff's complaint contains no factual allegations against any specific individuals, and it fails to allege that he is being denied medical care due to any specific policy or custom of Sullivan County. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). However, the complaint's factual allegations are scant, and the Court finds that Plaintiff may be able to state a plausible claim for the denial of constitutionally adequate medical care against specific Jail medical staff members, and/or Sullivan County itself, if he is allowed an opportunity to amend his complaint. Therefore, the Court will allow Plaintiff an opportunity to file an amended complaint within twenty-one (21) days of this Order that sets forth a full factual basis of his claims and identifies the parties allegedly responsible. The Clerk **SHALL** mail Plaintiff a Section 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he files an amended complaint, it will completely replace and supersede his original complaint, and thus, it must be complete and not refer back to the prior pleading. The complaint should include a short and plain statement of facts setting forth exactly how his constitutional rights were allegedly violated and naming the specific individual(s) alleged to be responsible. These facts must be specific enough to permit the Court to properly screen Plaintiff's case.

If Plaintiff does not file an amended complaint by the deadline, the Court **will DISMISS** the case for failure to prosecute and failure to comply with an order of the Court. *See* E.D. Tenn. L.R. 83.13 ("It is the duty of any party not represented by counsel . . . to monitor the progress of

5

the case, and to prosecute or defend the action diligently."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal of an action or claim "[i]f the plaintiff fails to prosecute or to comply with . . . a court order").

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has screened the amended complaint.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Christy Frazier, S.C.J.M.S., S.C.J., S.C.S.O., and the Sullivan County Medical Department are **DISMISSED**;

6. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

7. Plaintiff may file an Amended Complaint within twenty-one (21) days in accordance with the directives stated above;

8. Plaintiff is **NOTIFIED** that failure to comply with this order will result in the dismissal of this action for failure to prosecute and comply with an order of the Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the

case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Court
